**State of Vermont**
**Superior Court—Environmental Division**

}

<u>In re Melissa and Corey Estus Final Plat Approval</u>      }       Docket No. 92-7-12 Vtec

}

### <u>Judgment Order</u>

Before us on appeal is a decision by the Town of Grand Isle Development Review Board (DRB) granting Final Plat Approval for a minor subdivision of land. Corey and Melissa Estus (Applicants) applied to the DRB for minor subdivision approval of a proposed three-lot subdivision on their property located at 27 Faywood Road in Grand Isle, Vermont. The DRB granted Applicants final plat approval on July 2, 2012.

In granting final approval, the DRB also granted the Applicants a waiver of the Grand Isle Zoning Bylaws (Bylaws) Private Road Standard E, thereby not requiring conformance to the provisions for the potential future continuation of the private access road, known as Rolling Meadow Lane. <u>In re Melissa and Corey Estus Appl. for Final Approval of a Plat for a Minor Subdivision of Land</u>, Conclusions of Law, at 9 (Grand Isle Dev. Review Bd. June 28, 2012). Adjacent property owner Main Line Tractor & Equipment Co. (Appellant) appealed the DRB's approval and took issue with grant of the waiver.

In appealing the DRB's decision, Appellant filed a Statement of Questions containing two questions. The first question asks whether the DRB erred in waiving conformance to Private Road Standard E, and the second question asks whether Private Road Standard E may be waived where there is no showing that topographic or other conditions make the continuation of the road undesirable or impractical. For the purpose of this appeal, the Court interprets both questions to ask whether a waiver of Private Road Standard E in this case complies with the Bylaws, specifically Section 7.10.1 (subdivision road standards) and Section 7.6 (waiver guidelines).

The Court held a merits hearing on June 19, 2013 at the Grand Isle Courthouse in North Hero, Vermont. Prior to trial, the Court conducted a site visit with the parties at the subject property: 27 Faywood Road in Grand Isle. At the completion of the trial, the Court took a brief recess for deliberation and then reconvened the hearing to render its Findings of Fact and Conclusions of Law on the record of the hearing. This Judgment Order is issued to summarize the legal conclusions rendered by the Court; a more detailed explanation of the Court's legal

1

conclusions and all of its Findings of Fact are set forth in the audio recording that constitutes the hearing record.

Bylaws Section 7.10.1 mandates that all private roads comply with the requirements set forth in Appendix B, which includes Private Road Standard E. Private Road Standard E requires that "[t]he arrangement of roads in all subdivisions shall provide for the continuation of private roads of adjoining subdivisions and for proper projection of private roads through adjoining properties which are not yet subdivided." Bylaws, Appendix B. The DRB (and this Court, sitting in its place in this de novo proceeding) may waive the requirements of Private Road Standard E "[w]here topographic or other conditions make such continuance undesirable or impractical." Id.

In this case, Applicant's proposed subdivided lots would be accessed by a private road, Rolling Meadow Lane. Applicant's site plan depicts Rolling Meadow Lane ending in a hammerhead turnaround on proposed lot 5. Applicants contend that "other conditions" justify the waiver of Private Road Standard E. These conditions, as asserted by Applicants, include a decrease in privacy for their existing residence should a neighboring property also use Rolling Meadow Lane; an existing curb cut leading to Appellant's property that is a shorter distance to access undeveloped portions of Appellant's property than traveling over a continued Rolling Meadow Lane; safety concerns associated with increased traffic; and the existence of a wet area on Applicants' proposed Lot 5 that reduces the developable area of Lot 5. Appellant argues that there are no topographic or other conditions making the continuance of Rolling Meadow Lane undesirable or impractical.

The Court concludes that it cannot waive the requirements of Private Road Standard E because there are no topographic or other conditions making the continuance of Rolling Meadow Lane undesirable or impractical. More specifically, the Court concludes that a possible decrease in privacy for Applicants' existing residence does present a condition making continuance of Rolling Meadow Lane undesirable or impractical. If Applicants are concerned with their privacy, they are free to choose to not further subdivide their property. Furthermore, the existing access on neighboring land does not turn the requirement to continue Rolling Meadow Lane into an undesirable or impractical bylaw requirement, especially where the differences in distance traveled over the alternate routes is not significant. In fact, having a second potential access to neighboring lands may improve safety by providing alternate access

2

routes for emergency responders. Applicants suggest that a potential increase in traffic traveling to or from neighboring lands might present traffic safety concerns; however, the Court concludes that such a potential safety impact is not ripe for consideration, as any additional traffic is uncertain at this time. Lastly, requiring the continuation of Rolling Meadow Lane across Lot 5 does not render Lot 5 undevelopable; it simply diminishes the developable area, which does not justify a waiver.

We therefore **AFFIRM** the DRB's July 2, 2012 final plat approval for the proposed 3-Lot subdivision at 27 Faywood Road, Grand Isle, subject to Applicants satisfying the following conditions of this Judgment Order**:**

1.  Applicants must revise their site plan and provide for the continuation of Rolling Meadow Lane through their property up to Main Line Tractor and Equipment Co., Inc.'s adjoining parcel.

**2.** Applicants must present this revised site plan to the Grand Isle Zoning Administrator for approval within 180 days of the date of this Judgment Order.

This completes the current proceedings before this Court concerning this appeal.

Done at Berlin, Vermont, this 26th day of June 2013.


_____
Thomas G. Walsh, Environmental Judge